Briggs *v.* Boyd.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]

———⚫———

BRIGGS and others *vs.* BOYD and others.

The plaintiffs, being distillers residing at Buffalo, in the winter of 1871 consigned to the defendants, commission merchants at New York, 497 barrels of whisky, to be sold, on a commission of two and one-half per cent. The defendants sold 84 barrels, on which they received that commission, and made advances, which were reimbursed from the sales; and they paid the taxes on the whole quantity. The plaintiffs, through their travelling agents,

sold 220 barrels, and ordered the defendants to forward the same to the purchasers; which they did, and entered all the sales on their books. On the 1st of November, 1871, there remained, in the defendants' possession, 193 barrels of said whisky, unsold; which they refused to deliver, until they should be paid their commission of two and a half per cent on said 193 barrels, and upon the 220 barrels sold by the plaintiffs' agents. In order to get possession of the 193 barrels remaining unsold, the plaintiffs paid the defendants the amount claimed for commissions. In an action to recover back that sum, *held*, 1. That the defendants were, by the agreement, entitled to two and a half per cent on sales. That this was not earned until an actual *bona fide* sale; but that it was not essential that the sale should be made by themselves. That a sale by the plaintiffs, after a delivery of the property to the defendants, and which sale the defendants completed by a delivery of the whisky, was such a sale as entitled the defendants to their commissions.

2. But that the defendants were not entitled to the two and a half per cent commission on the whisky unsold; but only to such a proportion of it as the trouble and risk incurred bore to the whole trouble and risk which would have been incurred had the property been actually sold by them.

3. That so much of the sum demanded as exceeded the amount to which the defendants were entitled was illegally demanded. And that refusing to deliver the property until such illegal demand was complied with, rendered the payment compulsory, to the extent of such illegal demand.

APPEAL from a judgment entered upon the report of a referee.

The plaintiffs were distillers, residing at the city of Buffalo, and in the winter of 1871 consigned to the defendants, who were commission merchants, residing and doing business in the city of New York, 497 barrels of Bourbon whisky, to be sold on commission, at such prices as the plaintiffs should prescribe, for which the defendants were to receive a commission of two and a half per cent. The defendants made advances, from time to time, on the whisky, which were reimbursed from the sales.

The defendants sold 84 barrels, on which they received their commission of two and a half per cent. The plaintiffs, through their travelling agents, sold 220 barrels of said whisky, and gave orders to the defendants to forward it to purchasers, from their store in New York.

On the 1st of November, 1871, there remained in the

Briggs *v.* Boyd.

defendants' possession 193 barrels of said whisky, unsold. The plaintiffs applied to the defendants to deliver to them said 193 barrels, which the defendants declined to do until they were paid their commission of two and a half per cent on said 193 barrels, and upon the 220 barrels sold by the plaintiffs' agents.

The internal revenue officers in New York required the defendants to pay the tax imposed by the act of congress, on the whole quantity of whisky sold, and hence the sales of said whisky, by whomsoever made, were entered on the defendants' books as sales made by the defendants.

The plaintiffs, in order to get possession of the unsold whisky, were compelled to pay, and did pay, to the defendants their commissions on the 413 barrels sold by the plaintiffs' agents and that remained unsold; and for the amounts so paid, this action was brought.

The answer admitted the consignment on the terms above mentioned, and the sale by them of 84 barrels, by the plaintiffs of 220 barrels, and that 194 remained on hand unsold. That they required the payment of their commissions on the whole quantity, and that the plaintiffs had to pay to get the whisky. They insisted that by reason of receiving said whisky, paying charges and insurance, and shipping to the persons to whom the plaintiffs sold, and entering sales on their books in obedience to the requirements of the internal revenue officers, they had earned their commissions. The cause was referred, and the referee found the facts above stated, and ordered judgment in favor of the plaintiffs for $533.62; judgment having been entered for that sum, the defendants appealed.

*By the Court,* MULLIN, P. J. By the agreement between the parties, the defendants were entitled to two and a half per cent on sales. This commission was not earned until an actual *bona fide* sale. But it was not

Briggs *v.* Boyd.

essential that the sale should be made by themselves. A sale by the plaintiffs, after a delivery of the goods to the defendants, and which sale the defendants completed by a delivery of the property, was such a sale as entitled the defendants to their commissions. They had done all that was to be done by them, except directly negotiate the sale. It would not be just to permit a consignor to consign property to a commission house, impose upon it the burden of receiving and storing the property, paying charges for storing and insurance, and then allow the consignor to deprive the consignee of all benefit of the consignment, by selling the property himself.

But the defendants were not entitled to the two and a half per cent on the whisky unsold. Yet they were, I think,. entitled to such a proportion of it as the trouble and risk incurred bore to the whole trouble and risk which would have been incurred had the property been actually sold by them. This was obviously less than the whole of the two and a half per cent.

So much of the sum demanded as exceeded the amount to which the defendants were entitled was illegally demanded. And refusing to deliver the property until such illegal demand was complied with, rendered the payment compulsory to the extent of such illegal demand.

The referee had no means of arriving at the true amount to which the defendants were entitled, and he could not, upon the evidence, say what sum had been extorted from the plaintiffs.

If these views are correct, the judgment is erroneous, and must be reversed and a new trial ordered; costs to abide the event.

[Fourth Department, General Term, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]